UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DANIEL HEINIS**,
on behalf of himself and all others
similarly situated.

    Plaintiff,

v.                                                                    Case No.:

**DYNAFIRE, LLC**.                                    JURY DEMAND

    Defendant.
_____/

## COLLECTIVE AND CLASS ACTION COMPLAINT
## WITH DEMAND FOR JURY TRIAL

Plaintiff, Daniel Heinis ("Plaintiff"), on behalf of himself and all others similarly situated, by and through the undersigned attorneys hereby sues the Defendant, DynaFire, LLC ("Dynafire" or "Company"), and alleges as follows:

## INTRODUCTION

1. This is a hybrid action under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634, and the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01–760.11, brought by Plaintiff on behalf of himself and all others similarly situated.

2. Plaintiff applied and interviewed for the position of Accounts Receivable Collections Specialist with Defendant. Despite being qualified, Plaintiff was informed the position had been filled, although it remained open for months. When the position was reposted, Plaintiff attempted to reapply but was blocked by Defendant's application

system.

3. After contacting Defendant, Plaintiff received an email stating the Company was seeking someone "earlier in their career and [who] can be more easily molded into the role," reflecting an explicit, facially age-based criterion in violation of the ADEA and FCRA.

4. Plaintiff and the collective seek declaratory and injunctive relief, back pay, front pay or instatement/reinstatement, liquidated damages for willful violations, and attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 626(b) (ADEA provision incorporating the collective action mechanism of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219), as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADEA.

6. This Court has supplemental jurisdiction over Plaintiff's state-law claims under the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01–760.11, pursuant to 28 U.S.C. § 1367(a), because those claims form part of the same case or controversy as Plaintiff's federal ADEA claims. The FCRA claims arise from the same nucleus of operative fact—Defendant's discriminatory hiring practices and decisions affecting Plaintiff and other applicants.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PARTIES

8. Plaintiff, Daniel Heinis, is a citizen of the United States and a resident of Florida. At all times relevant, Plaintiff was at least 40 years old and therefore a member of the protected class under the ADEA.

9. Defendant, DynaFire, LLC, is a Florida-based for-profit corporation doing business in this District. Defendant is an "employer" within the meaning of the ADEA and, at all relevant times, employed twenty (20) or more employees.

## ADMINISTRATIVE PREREQUISITES

10. Plaintiff has satisfied all conditions precedent to filing this action.

11. On or about July 16, 2025, Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter the "EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on age.

12. Plaintiff's EEOC charge was filed within 180 days after the alleged unlawful employment practices occurred.

13. On or about November 19, 2025, the EEOC issued to Plaintiff a Notice of Right to Sue.

14. Plaintiff brings this action within 90 days of receiving his Notice of Right to Sue.

15. Plaintiff has satisfied all conditions precedent to suit under the FCRA.

16. Within the time prescribed by Fla. Stat. § 760.11(1), Plaintiff filed a timely charge of discrimination with the Florida Commission on Human Relations ("FCHR") and/or the Equal Employment Opportunity Commission ("EEOC") pursuant to their

work-sharing agreement, alleging age discrimination arising from Defendant's hiring practices.

17. More than 180 days elapsed without a determination, or Plaintiff received a notice permitting suit, and Plaintiff timely instituted this civil action pursuant to Fla. Stat. § 760.11(4)–(5).

18. All other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

19. Plaintiff is a qualified job applicant who, at the time of the events described, was 57 years old and had no disabilities or limitations affecting his ability to perform the essential functions of the position sought.

20. In June 2024, Plaintiff submitted a timely application and completed an in-person interview for the position of Accounts Receivable Collections Specialist at DynaFire.

21. Plaintiff was informed that the position had been filled; however, the same position remained unfilled for several months thereafter.

22. In May 2025, DynaFire reposted the same position.

23. When Plaintiff attempted to reapply through the company's online application portal, the system prevented submission, stating that he had already applied.

24. Plaintiff then contacted Ashley Rodriguez, Senior Recruiter in DynaFire's Human Resources Department, with whom he had previously communicated.

25. Plaintiff expressed his continued interest in the position, emphasized his qualifications, and submitted an updated resume and cover letter.

*26.* In response, Ms. Rodriguez sent an email stating, "*At this time, the CFO has decided not to move forward with your application. While we appreciate the experience and background you bring, we are currently looking for someone who is earlier in their career and can be more easily molded into the role and our internal processes.*" (Attached hereto as **Exhibit A**).

27. At the time of this communication, Plaintiff was 57 years old.

28. The stated preference for someone "earlier in their career" and "more easily molded" reflects an explicit, facially age-based criterion and/or stereotype about older workers disfavored by the ADEA.

29. Defendant's refusal to hire Plaintiff because of his age violated the ADEA.

30. Defendant hires for over 47 different positions annually, for which there are hundreds, if not thousands, of applicants. *See* https://dynafire.com/careers/ (showing 47 open positions) (last visited January 20, 2026).

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this action as a collective action under 29 U.S.C. § 216(b), as incorporated by the ADEA, on behalf of all similarly situated individuals age 40 and older who applied for employment with Defendant and were denied based on Defendant's discriminatory policy or practice favoring younger candidates.

32. The proposed collective is defined as follows:

**All applicants ages 40 and older who applied for positions with DynaFire from the three years preceding the filing of this action to the present and 1) qualified for the position for which they applied, and 2) were denied employment, 3) and**

**a significantly younger person was hired for the position.[1]**

33.  Plaintiff is similarly situated to the members of the collective because they were all subject to Defendant's common policy or practice of age discrimination in hiring.

34.  Notice of this action should be sent to all members of the collective to allow them to opt in pursuant to 29 U.S.C. § 216(b).

## RULE 23 CLASS ACTION ALLEGATIONS (FCRA)

35.  Plaintiff brings the FCRA claim as a Rule 23 class action on behalf of himself and all others similarly situated, seeking injunctive and monetary relief for Defendant's discriminatory failure-to-hire practices.

36.  Plaintiff brings this Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of a proposed class, defined as follows:

> **All applicants ages 40 and older who applied for positions with DynaFire in Florida from the four years preceding the filing of this action to the present and 1) qualified for the position for which they applied, and 2) were denied employment, 3) and a significantly younger person was hired for such position**.

37.  Plaintiff has standing to seek the relief sought as stated herein, as the Class Representative is a member of the Class and has been harmed by Defendant's unlawful age discrimination. The Class Representative seeks to secure relief applicable to himself and the similarly situated Class members.

38.  Numerosity (Rule 23(a)(1)): The class is so numerous that joinder is

---

[1] Plaintiff was 57 years old at the time of his application. Age discrimination is discrimination based upon age in general and is not tethered to a "specific" age. *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581 (2004) Plaintiff reserves the right to revise or amend his class definitions based upon information obtained during the discovery process.

impracticable. Defendant recruits and hires statewide; publicly available postings and multiple hiring cycles during the class period reasonably suggest hundreds or more affected applicants. The names and addresses of Class Members are identifiable through Defendant's records and Members may be notified of this action by mail or electronic notice.

39. Commonality (Rule 23(a)(2)): Class treatment is also appropriate because questions of law or fact common to the Class predominate and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Such common questions include:

   a. Whether Defendant employed age-based hiring criteria;
   b. Whether Defendant intentionally denied hiring to older applicants.
   c. Whether such criteria constitute unlawful discrimination under the FCRA;
   d. The appropriate measure of relief and damages to affected Class Members.

40. Typicality (Rule 23(a)(3)): Plaintiff's claims are typical of class members' claims because they arise from the same practices and are based on the same legal theory (age discrimination in hiring under the FCRA).

41. Adequacy (Rule 23(a)(4)): Plaintiff will fairly and adequately protect the interests of the class. Plaintiff's counsel is experienced in employment litigation and class proceedings and will vigorously prosecute the action.

42. Predominance & Superiority (Rule 23(b)(3)): Common questions

predominate over individual issues, and a class action is superior to individual suits. Resolving Defendant's uniform hiring criteria and practices in a single proceeding promotes efficiency and consistency of adjudications. Proceeding on an individual basis would further pose an unnecessary risk of inconsistent adjudications. Further, failure to proceed as a class action would result in an impracticable number of individual suits seeking to resolve the same claims arising from Defendant's discrimination.

43. Manageability: The class is manageable. Defendant's applicant tracking systems, requisition histories, and HR communications can identify class members and common proof.

## COUNT I:
### Discrimination under the ADEA (Failure to Hire)

44. Plaintiff re-alleges and adopts paragraphs 10 through 43 of his Complaint as if fully set forth herein.

45. At all times relevant, Plaintiff was over 40 years old and a member of the protected age group under the ADEA.

46. Defendant is prohibited under the ADEA from discriminating against Plaintiff based on his age with respect to terms, conditions, or privileges of employment, including hiring decisions.

47. Defendant violated the ADEA by unlawfully failing to hire Plaintiff due to his age.

48. Defendant's conduct was willful, entitling Plaintiff and the collective to liquidated damages under 29 U.S.C. § 626(b).

49. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injury, including but not limited to lost wages, lost benefits, and emotional distress, and therefore seeks injunctive relief, back pay, front pay or instatement/reinstatement, liquidated damages, attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Certify this action as a collective action under 29 U.S.C. § 216(b), authorize notice to the collective, that the Plaintiff named herein be designated as representative of the ADEA Class, and that their counsel of record be designated as ADEA Class Counsel;

b) Enter a judgment declaring that DynaFire's failure to hire ADEA Class Members of the Collective Action who were 40 years of age or older at the time of the decision violates the ADEA;

c) Enter a judgment awarding back pay and benefits, and front pay or instatement/reinstatement as appropriate;

d) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees);

e) Grant declaratory and injunctive relief prohibiting Defendant from engaging in age discrimination, including appropriate training and policy changes;

f) Award liquidated damages for willful violations under 29 U.S.C. § 626(b); and

g) Grant Plaintiff any other and further relief as this Court deems just and proper.

## COUNT II:
### Age Discrimination under the FCRA (Failure to Hire)

50. Plaintiff re-alleges and incorporates paragraphs 10 through 43 as though fully set forth herein.

51. Plaintiff and class members are "persons" protected by the FCRA. Fla. Stat. § 760.01(1).

52. Defendant is an "employer" within the meaning of the FCRA and employed fifteen (15) or more employees during the relevant period. Fla. Stat. § 760.02(7).

53. The FCRA prohibits employers from refusing to hire or otherwise discriminating against individuals because of age with respect to compensation, terms, conditions, or privileges of employment. Fla. Stat. § 760.10(1)(a).

54. Defendant maintained and implemented hiring criteria and practices favoring candidates "earlier in their career" and perceived as more "moldable," which are proxies for youth and operate to disfavor older applicants.

55. Defendant failed to hire Plaintiff and class members because of age, in violation of the FCRA.

56. As a direct and proximate result, Plaintiff and class members suffered damages, including lost wages and benefits, emotional distress, and other compensable harms recoverable under Fla. Stat. § 760.11(5).

57. Defendant's conduct was knowing or reckless, warranting punitive damages where permitted by the FCRA. Fla. Stat. § 760.11(5).

58. Plaintiff seeks injunctive relief to prohibit Defendant's unlawful practices, to require policy revisions, training, monitoring, and the discontinuation of age-based criteria ("earlier in their career," "moldable"), consistent with Fla. Stat. § 760.11(5).

**WHEREFORE**, Plaintiff, requests this Honorable Court:

h) Certify the FCRA claim as a Rule 23(b)(3) class; appoint Plaintiff as Class Representative and his counsel as Class Counsel under Rule 23(g);

i) Declare that Defendant's practices violated the FCRA;

j) Award compensatory damages, including emotional distress;

k) Award punitive damages as permitted by Fla. Stat. § 760.11(5);

l) Grant injunctive and declaratory relief (policy changes, training, monitoring, and cessation of age-based criteria);

m) Award reasonable attorneys' fees and costs under the FCRA; and

n) Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial for all issues so triable.

Dated this 28th day of January 2026.

*/s/ Jeffrey Del Rio*
**JEFFREY DEL RIO, ESQ.**
Fla. Bar No. 105849
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 983-2959
Fax: (813) 229-4059
jdelrio@forthepeople.com
medelman@forthepeople.com
*Attorneys for Plaintiff*