UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL HEINIS ON BEHALF OF
HIMSELF AND ALL OTHERS
SIMILARLY SITUATED,
    Plaintiff,

v.                                    CASE NO.: 6:26-cv-00223-AGM-RMN

DYNAFIRE, LLC,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, DYNAFIRE, LLC ("Defendant"), by and through its undersigned counsel, and hereby files it Answer and Affirmative Defenses to the Complaint filed by the Plaintiff, DANIEL HEINIS ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED ("Plaintiff"), as follows:

### INTRODUCTION

1. Denied.

2. Denied.

3. Denied.

4. Denied.

## JURISDICTION

5. Denied.

6. Denied.

7. Denied.

## PARTIES

8. Defendant is without sufficient knowledge or information to be able to admit or deny. Therefore, denied.

9. Admitted that DYNAFIRE, LLC is a Florida-based for-profit corporation; otherwise, denied.

## ADMINISTRATIVE PREREQUISITES

10. Denied.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied.

16. Admitted.

17. Admitted.

18. Denied.

## **FACTUAL ALLEGATIONS**

19. Denied.

20. Admitted that Plaintiff applied for an Accounts Receivable Collections Specialist position with Defendant in or about June 2024 and that Plaintiff completed an in-person interview for said position; otherwise, denied.

21. Admitted that Plaintiff was informed that the Accounts Receivable Collections Specialist position he applied for in June 2024 had been filled; otherwise, denied.

22. Denied.

23. Denied.

24. Defendant is without sufficient knowledge or information to be able to admit or deny. Therefore, denied.

25. Defendant is without sufficient knowledge or information to be able to admit or deny. Therefore, denied.

26. Admitted the document attached to Plaintiff's Complaint as Exhibit "A" speaks for itself; otherwise, denied.

27. Defendant is without sufficient knowledge or information to be able to admit or deny. Therefore, denied.

28. Denied.

29. Denied.

30. Admitted the website https://dynafire.com/careers/ speaks for itself; otherwise, denied.

## COLLECTIVE ACTION ALLEGATIONS

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## RULE 23 CLASS ACTION ALLEGATIONS (FCRA)

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

   a. Denied.

   b. Denied.

   c. Denied.

   d. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT I:
### Discrimination under the ADEA (Failure to Hire)

44. Defendant incorporates by reference the responses set forth in Paragraphs 1 through 43 above as if fully set forth herein.

45. Defendant is without sufficient information or knowledge to be able to admit or deny. Therefore, denied.

46. Admitted that the ADEA speaks for itself; otherwise, denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT II:
### Age Discrimination under the FCRA (Failure to Hire)

50. Defendant incorporates by reference the responses set forth in Paragraphs 1 through 43 above as if fully set forth herein.

51. Denied.

52. Defendant admits to employing fifteen (15) or more people; otherwise, denied.

53. Admitted the FCRA speaks for itself; otherwise, denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## **AFFIRMATIVE DEFENSES**

1. For its First Affirmative Defense, Defendant alleges that Plaintiff fails to state a cause of action upon which relief can be granted under the ADEA because Defendant's failure to hire Plaintiff was not due to Plaintiff's age, but because of his employment history and experience, which were not aligned with Defendant's goals and expectations for the position for which Plaintiff applied. Defendant's reasons for choosing not to hire Plaintiff were entirely reasonable, legitimate, and non-discriminatory.

2. For its Second Affirmative Defense, Defendant alleges that Plaintiff fails to state a cause of action upon which relief can be granted under the FCRA because Defendant's failure to hire Plaintiff was not due to Plaintiff's age, but because of his employment history and experience, which were not aligned with Defendant's goals and expectations for the position for which Plaintiff applied. Defendant's reasons for choosing not to hire Plaintiff were entirely reasonable, legitimate, and non-discriminatory.

3. For its Third Affirmative Defense, Defendant alleges that Plaintiff is not entitled to punitive damages as Defendant did not act or fail to

act in manner to give rise to punitive damages liability. Defendant's actions at no time were reckless, malicious, or knowing.

4. For its Fourth Affirmative Defense, Defendant alleges that, without assuming the burden of proof, Plaintiff and members of the purported class or collective action are not similarly situated. The potential claims of the purported class or collective reflect variability and are not unified. Likewise, Plaintiff is not representative of the purported class or collective.

5. For its Fifth Affirmative Defense, Defendant alleges Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or laches.

6. For its Sixth Affirmative Defense, Defendant alleges Plaintiff failed to mitigate his damages.

7. For its Seventh Affirmative Defense, Defendant alleges that evidence of Plaintiff's criminal history discovered after the decision not to hire Plaintiff would have led to the same employment decision.

8. For its Eighth Affirmative Defense, Defendant alleges that it would have made the same decision not to hire Plaintiff regardless of Plaintiff's age.

9. For its Ninth Affirmative Defense, Defendant alleges that neither the ADEA nor the FCRA permit a separate recovery for pain and suffering or emotional distress.

## **DEMAND FOR JURY TRIAL AND ATTORNEYS' FEES AND COSTS**

Defendant demands a trial by jury of all issues so triable. Defendant is also entitled and seeks to recover its attorneys' fees and costs incurred in defending against Plaintiff's Complaint, as allowed by the FCRA and ADEA.

Signed: February 19, 2026

Respectfully submitted,
VERNIS & BOWLING OF
CENTRAL FLORIDA, P.A.
1450 S. Woodland Blvd., 4th Floor
Deland, FL 32720
Telephone: (386) 734-2505
Facsimile: (386) 734-3441

By: /s/ *Matthew B. Bernstein, Esq.*
    MATTHEW B. BERNSTEIN, ESQ.
    Florida Bar No.: 126212
    mbernstein@florida-law.com