UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:26-cv-00223-AGM-RMN

DANIEL HEINIS ON BEHALF OF
HIMSELF AND ALL OTHERS
SIMILARLY SITUATED,

Plaintiff,

v.

DYNAFIRE, LLC,

Defendant.
_____________________________________/

**PLAINTIFF'S UNOPPOSED MOTION TO EXTEND THE DEADLINE FOR MOVING FOR CLASS AND COLLECTIVE CERTIFICATION**

Plaintiff Daniel Heinis moves under Federal Rule of Civil Procedure 16(b)(4) to extend the deadline for moving for class certification from October 17, 2026 to December 15, 2026, and asks that the extended deadline apply to any motion for certification of a Rule 23 class and to any motion for conditional certification and court-authorized notice under 29 U.S.C. § 216(b).

**BACKGROUND**

Plaintiff brings claims under the Age Discrimination in Employment Act and the Florida Civil Rights Act arising from Defendant's alleged failure to hire applicants forty years of age and older for accounts receivable and collections

positions. He pleads a collective action under 29 U.S.C. § 216(b) and a class action under Rule 23.

The Court entered its Case Management and Scheduling Order on May 11, 2026, setting October 17, 2026 as the deadline for moving for class certification, December 1, 2026 for Plaintiff's expert disclosures, January 29, 2027 as the discovery deadline, March 2, 2027 for dispositive and Daubert motions, and a trial term beginning August 2, 2027.

Plaintiff served his First Interrogatories and First Requests for Production on May 12, 2026. Defendant served its initial responses on June 11, 2026. On August 28, 2026, Defendant served amended verified interrogatory answers, supplemental responses to Plaintiff's requests for production, an amended privilege log, and additional documents, including an export from Defendant's Paylocity applicant-tracking system.

The parties conferred by telephone on September 10, 2026 regarding the discovery that remains outstanding and the schedule.

## GROUNDS FOR THE REQUESTED EXTENSION

Rule 16(b)(4) permits modification of a scheduling order for good cause. Good cause exists here because the applicant data on which a class certification motion depends is still being assembled, and the parties are working cooperatively to complete it.

The applicant-tracking-system export Defendant produced identifies applicants by name, position, requisition, application date, and disposition. It does not report applicant age, date of birth, graduation year, education history, or employment history. Plaintiff requires available data from which applicant age may be determined or reasonably estimated in order to evaluate and define the proposed Rule 23 class, assess numerosity, and determine whether the applicant data supports certification. Defendant has agreed to ask Paylocity whether the report can be re-run to include available age-related and age-proxy fields. Defense counsel represents that DynaFire does not request age, date of birth, graduation year, or school-attendance dates as part of its standard Paylocity application, but that some applications may nonetheless contain school-date information due to an intermittent Paylocity "Bot" issue. The parties are continuing to confer regarding the availability, scope, and timing of any supplemental production.

The depositions relevant to certification, including a deposition under Rule 30(b)(6) and the depositions of Defendant's recruiter, its Chief Financial Officer, and its former Financial Controller, have not yet been taken. The parties conferred about scheduling those depositions during the September 10, 2026 conference.

The requested extension also aligns the certification deadline with the expert schedule the Court has already set. Plaintiff's expert disclosures are due December 1, 2026. Under the current schedule, Plaintiff must move for class certification more

than six weeks before his own expert report is due. The requested extension also reasonably coordinates the certification deadline with Plaintiff's December 1, 2026 expert-disclosure deadline. Under the current schedule, Plaintiff must move for class certification more than six weeks before Plaintiff's expert disclosure is due. A December 15 deadline will permit Plaintiff to evaluate the supplemented applicant data and, if appropriate, support the certification motion with the expert analysis disclosed under the existing schedule, without affecting any later deadline.

Plaintiff pleads both a collective action under the ADEA, which incorporates the procedures of 29 U.S.C. § 216(b), and a class action under the Florida Civil Rights Act. The Case Management Report identified both. The deadline the parties proposed and the Court adopted is captioned as a deadline for moving for class certification and cites Federal Rule of Civil Procedure 23(c). Plaintiff does not read that deadline to govern a motion under § 216(b), which is a distinct procedural mechanism. To avoid any dispute on the point, Plaintiff asks that the extended deadline apply to both motions.

The extension is modest. It would leave more than six weeks between the certification deadline and the close of discovery on January 29, 2027, and more than ten weeks before the March 2, 2027 dispositive motions deadline.

## THE REPRESENTATIONS REQUIRED BY THE COURT'S ORDER

As required by Section II.B.2 of the Case Management and Scheduling Order, Plaintiff represents:

(1) This motion is unopposed. Counsel for Defendant has confirmed that Defendant does not object to the requested extension.

(2) The additional discovery is necessary for the reasons stated above. Defendant's applicant-data production does not include age or the available age-related and age-proxy fields needed to evaluate class membership and refine the proposed class definition. Defendant has agreed to ask Paylocity whether the ATS report can be re-run to include available requested fields, and the parties are continuing to confer regarding the scope and timing of any supplemental production. Certification-related depositions have not yet been taken.

(3) All parties agree that the requested extension will not affect the dispositive motions deadline or the trial date.

(4) All parties agree that any discovery conducted after the dispositive motions date established in the Case Management and Scheduling Order will not be available for summary judgment purposes.

(5) No party will use the granting of this extension in support of a motion to extend any other date or deadline.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court extend the deadline for Plaintiff to move for class certification from October 17, 2026, to December 15, 2026, and applies to any motion for class certification under Rule 23 and any motion for conditional certification and court-authorized notice under 29 U.S.C. § 216(b). The requested extension will provide a reasonable interval to receive and analyze the supplemental ATS data, complete the identified certification-focused depositions, evaluate the resulting record in connection with Plaintiff's expert disclosure, and prepare the class-certification motion on a more complete evidentiary record.

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that on September 10, 2026, I conferred by telephone with Matthew B. Bernstein, Esq., counsel for Defendant, regarding the relief sought in this motion. Defendant does not oppose the relief requested.

## CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS USED IN THE PREPARATION OF THIS FILING

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: Artificial intelligence was used solely as a drafting and editing aid to revise portions of this filing. Counsel independently reviewed and revised the filing, verified its factual statements against the record, and is responsible for its contents. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case

that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

Dated: September 15, 2026

Respectfully submitted,

***/s/ Jeffrey Del Rio***
**JEFFREY DEL RIO, ESQ.**
Fla. Bar No. 105849
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
**MORGAN & MORGAN, P.A.**
201 Noth Franklin Street
7th Floor
Tampa, FL 33602
Telephone: (813) 983-2959
Fax: (813) 229-4059
jdelrio@forthepeople.com
medelman@forthepeople.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 15, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to Matthew B. Bernstein, Esq., and Audrey Jones, Esq., Vernis & Bowling of Central Florida, P.A., 1450 S. Woodland Blvd., 4th Floor, Deland, FL 32720 (mbernstein@florida-law.com; ajones@florida-law.com; CFLCourtDocs@florida-law.com), Counsel for Defendant.

***/s/ Jeffrey Del Rio***
**JEFFREY DEL RIO, ESQ.**